WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—March, 1888.

MATTER OF BEEBE.

*In the matter of the probate of the will of* SARAH J. BEEBE, *deceased.*

*It seems* to be no ground for rejecting an alleged will, that its provisions are obscure and difficult of interpretation.

The paper propounded as decedent's will was, substantially, as follows: "After my mother's death, my cousin, S., is my heir.   This writing is instead of a formal will which I intend to make.   M. B. executrix."

"Witnesses:                                                  [Signature]
M. B.
M. J. B."                                                    [Date.]

*Held,* that on due proof of the *factum,* including the declaration of the testamentary character of the document, the petition for probate must be granted.

Ash v. Ash, 10 *Jur.*, *N. S.*, 142—distinguished.

A PAPER writing, of which the following is a copy, was propounded for probate by Mary Berwick, the executrix therein named: to wit:

"After my mother's death, my cousin, Sallie B. Williams, of 1501, North 10th St., Philadelphia, Penn., is my heir. This writing is instead of a formal will which I intend to make. Mary Berwick executrix."

"Witnesses:                        Sarah J. Beebe"

"Mary Berwick"

"M. J. Berwick," "Yonkers, N. Y., July 13th, 1886."

On the return day of the citation, the witnesses were not present, but the question was raised, as to whether the paper propounded, was, on its face, a will. Mrs. Beebe, the mother of the deceased, was her only heir and next of kin.

J. W. ALEXANDER, *for proponent.*

R. E. PRIME, *for the mother.*

THE SURROGATE.—Assuming that the subscribing witnesses can testify to the observance of the statutory requirements essential to the valid execution of a will, among which is a declaration by her that it was her last will and testament, then, I think, it must be regarded as such. The paper itself is exceedingly informal, which she knew, and declared her intention to make a "formal" one, which intention seems not to have been carried into effect. She does not state that she intended to make any different disposition of

her estate. This is unlike the case of Ash v. Ash (10 *Jur., N. S.,* 142), where the testator said in his will: "I propose to give the residue by codicil, or otherwise to let it devolve as if I had died intestate," and he left no codicil. He was held not to have disposed of the residue.

It is no ground for rejecting a will, that its provisions are obscure and difficult of interpretation. But such obscurity and difficulty do not seem to arise here; for, where a man devises lands to his heir, after the death of his wife, though no estate is given to the wife in express terms, she shall have an estate for life by implication (1 *Vent.*, 376). Probably, had the deceased made a formal will, she would have given her whole estate to her mother for life, with remainder to her cousin. This paper seems to have been drawn and executed provisionally, to stand as her will in case she failed, from any cause, to reduce it to what she regarded as more formal in its character. This she did not do, and, therefore, on proper proof of due execution being produced, it must be admitted to probate as her last will and testament.